IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY THOMAS,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-05-0623** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **COMMONWEALTH COURT OF** | : | |
| **PENNSYLVANIA,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## M E M O R A N D U M

### I. Introduction

Plaintiff, Anthony Thomas ,an inmate at the State Correctional Institution-Retreat in Hunlock Creek, Pennsylvania,[1] commenced this action *pro se* with a pleading construed as a civil rights complaint filed pursuant to the provisions of 28 U.S.C. § 1983. Plaintiff contemporaneously filed an application to proceed *in forma pauperis* (Doc. 2). Named as Defendants are the Commonwealth Court of Pennsylvania and the Pennsylvania Board of Probation and Parole ("PBPP").

Plaintiff claims that as a result of a parole violation hearing conducted on August 11, 2004, he was ordered to serve twelve (12) months of back-time as a technical parole violator. Plaintiff avers that he filed an administrative appeal to the PBPP, and

---

[1] Plaintiff filed this action while incarcerated at the Dauphin County Prison in Harrisburg, Pennsylvania.

the appeal was denied on September 27, 2004.  He then filed an appeal to the Dauphin County Court of Common Pleas ("DCCCP").  After subsequent research, Plaintiff concluded that his appeal should have been filed in the Commonwealth Court of Pennsylvania, rather than the DCCCP.  Consequently, he contacted the Clerk of Court for DCCCP, and the Clerk stated that the appeal had been forwarded to the Commonwealth Court.  Nevertheless, the Commonwealth Court remanded the petition to the PBPP for further review.  Plaintiff appears[2] to claim that the petition was improperly remanded to the PBPP, and the Commonwealth Court should have ruled on his appeal.  For relief, he "would like for this court to help [him] with these issues with the Commonwealth Court and the [PBPP]."  (Doc. 1 at 3.)  For the following reasons, the complaint will be dismissed without prejudice.

## II.     Discussion

The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) established new obligations for prisoners who file civil rights actions in federal court, and wish to proceed *in forma pauperis.*  Section 1915A of the Act requires courts to screen complaints in civil actions in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental

---

[2]Although Plaintiff sets forth the background of his claim, he does not specifically identify allegedly improper conduct on the part of Defendants, nor does he state any specific relief he is seeking.

2

entity, and ". . . dismiss the complaint . . . if the complaint --- (1) is frivolous . . . or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1) and (2). Although the complaint does not specify relief sought, the complaint fails on several grounds.

To the extent Plaintiff is seeking his release from custody,[3] his claim fails. A prisoner in state custody may not utilize a §1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Wilkinson v. Dotson*, __ U.S. __, 125 S. Ct. 1242, 1245 (2005). In *Heck*, the Court recognized "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. Although "*Wolff* makes clear that § 1983 remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner," *Wilkinson*, 125 S.Ct. at 1247 (emphasis in original), a § 1983 action will not lie where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the [conviction or sentence]."

---

[3]"I could've (sic) been home by now, so I am seeking this court['s] help in this matter . . . ." (Doc. 1 at 3.)

*Heck*, 512 U.S. at 481-482.  Thus, to the extent that Plaintiff is challenging the fact or duration of his confinement by virtue of his back-time, such a claim must be brought in a properly filed habeas action.

To the extent that Plaintiff seeks monetary damages for Defendants' alleged mishandling of his parole revocation appeal, his constitutional cause of action for damages does not accrue "for allegedly unconstitutional . . . imprisonment . . . [until the Plaintiff proves that the] revocation has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. 486-487.

Moreover, to the extent Plaintiff seeks monetary damages from the "Commonwealth Court of Pennsylvania" (Doc. 1 at 1), it is a well-established principle of law that judges are absolutely immune from suit for damages for conduct performed in the course of their official duties.  *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000). Although the complaint does not specify the individual judges intended as Defendants, Plaintiff's allegations relate to exercise of judicial functions by such individuals. Consequently, since the claim against the Commonwealth Court of Pennsylvania necessarily involves members of the judiciary in the exercise of official duties, such

4

defendants are entitled to absolute immunity from monetary damages.

Furthermore, the United States Supreme Court has ruled that a § 1983 action brought against a State and its agencies is barred by the Eleventh Amendment "unless [the State] has consented to the filing of such a suit." *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). In *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), the United States Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court. The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." *Id.* at 71. "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." *Howlett v. Rose*, 496 U.S. 356, 365 (1990).

After *Will*, the Third Circuit Court of Appeals held that in determining whether a state agency is entitled to Eleventh Amendment immunity, a federal court should consider: (1) whether the state would be responsible for the payment of any judgment rendered against the agency; (2) the source of the agency's funding; and (3) the degree of autonomy enjoyed by the agency, as well as other similar factors. *Bolden v. Southeastern Pennsylvania Transp. Auth.*, 953 F.2d 807, 818 (3d Cir. 1991).

In this case, payment of any judgment rendered against the PBPP would have to

be paid out of the Pennsylvania state treasury.  Furthermore, the PBPP receives all of its funding from the state and does not enjoy any measure of autonomy.  Thus, under *Will* and *Bolden*, the PBPP is not a "person" for the purpose of § 1983 and, therefore, not a properly named defendant.

To the extent that Plaintiff seeks relief from Defendants other than monetary damages or release, his case will be dismissed as frivolous under § 1915A(b)(1).  This section applies equally to cases that are *factually* frivolous and those that are *legally* frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  An action is *legally* frivolous if it is based upon an indisputably meritless legal theory, and may be dismissed under § 1915(e)(2)(B)(i).  *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).  Indisputably meritless legal theories are those "in which it is . . . readily apparent that the plaintiff's complaint lacks an arguable basis in law . . . ."  *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990).  "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In order to state a viable § 1983 claim, a Plaintiff must plead two essential elements:  1) that the conduct complained of was committed by a "person" acting under color of state law, and 2) that said conduct deprived the Plaintiff of a right,

6

privilege, or immunity secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

As previously noted, the Commonwealth and its agencies are not "persons" for the purpose of sustaining a § 1983 action. Moreover, Plaintiff has not alleged any conduct on the part of Defendants that has deprived him of any right, privilege, or immunity secured by the Constitution or the laws of the United States. The court is mindful that *pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519 (1972); *Hughes v. Rowe*, 449 U.S. 5 (1980). However, the most liberal construction of Plaintiff's complaint will not redeem the document, and the complaint will be dismissed without prejudice.

## III.   Conclusion

Since Plaintiff may not seek release from custody pursuant to a § 1983 action, Defendants are insulated from liability for monetary damages, a claim for monetary damages is precluded by *Heck*, and Plaintiff's complaint is legally frivolous, the complaint will be dismissed without prejudice. An appropriate order will issue.

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: June 6, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY THOMAS,** : | |
| : | |
| **Plaintiff** : | **CIVIL NO. 1:CV-05-0623** |
| : | |
| **v.** : | **(Judge Rambo)** |
| : | |
| **COMMONWEALTH COURT OF** : | |
| **PENNSYLVANIA,** *et al.*, : | |
| : | |
| **Defendants** : | |

**O R D E R**

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's application for leave to proceed *in forma pauperis* (Doc. 2) is construed as a motion to proceed without prepayment of fees and costs, and the motion is **GRANTED** for the limited purpose of filing this action.

2. Plaintiff's complaint (Doc. 1) is **DISMISSED**, as legally frivolous, and as seeking monetary damages from a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915A(b)(1) and (2), without prejudice to Plaintiff raising his claims in a properly filed petition for writ of habeas corpus.[4]

3. The Clerk of Court is directed to close this case.

---

[4] Dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee.

    4. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

    5. The Clerk of Court is directed to provide the Plaintiff with a copy of the form used in filing a petition for writ of habeas corpus.

                              s/Sylvia H. Rambo  
                              SYLVIA H. RAMBO  
                              United States District Judge

Dated: June 6, 2005.